UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIDIO RONDA,

    Plaintiff,

v.                                                      Case No: 8:23-cv-02373-NHA

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

The Defendant has moved without opposition to remand this case for further proceedings before the Social Security Administration. Doc. 23. The motion is granted.

Plaintiff seeks reversal of the Commissioner's decision that he is not disabled. Doc. 1. After a hearing, an Administrative Law Judge (ALJ) found that Plaintiff was not disabled, because, notwithstanding his severe impairments, he could perform work that exists in substantial numbers in the national economy. R. 25, 33–34.

Plaintiff argues that, in arriving at his conclusion, the ALJ failed to incorporate all of Plaintiff's limitations in his hypothetical to the vocational expert. Doc. 21, pp. 4–7; *see Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (In order for the testimony of a vocational witness "to constitute

substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.").

Specifically, Plaintiff asserts that the ALJ posed a hypothetical to the vocational expert that included a limitation to occasional *overhead* reaching, but then found in his opinion that Plaintiff was limited to occasional reaching in any direction (i.e., not just overhead). Doc. 21, p. 5. Plaintiff further argues the error was not harmless because the jobs identified by the vocational expert required reaching; and without the errantly-included occupations, the occupations available to Plaintiff are not significantly available within the national economy. *Id.*, p. 6.

After consulting with Plaintiff, Defendant filed an unopposed motion to remand the case for further administrative proceedings, including a de novo hearing. Doc. 23. Plaintiff does not oppose the motion. *Id.*, p. 1.

Pursuant to 42 U.S.C. § 405(g), the "court shall have [the] power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." In a remand pursuant to 42 U.S.C. § 405(g), the appropriate procedure is for a court to enter a final judgment in the claimant's favor. *Shalala v. Schaefer*, 509 U.S. 292, 296–97 (1993); *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996).

Based on the record and the parties' agreement that Plaintiff is entitled to a de novo hearing, it is ORDERED that:

1. The Commissioner's unopposed motion to remand (Doc. 22) is DENIED AS MOOT, in light of the amended motion (Doc. 23).

2. The Commissioner's amended unopposed motion to remand (Doc. 23) is GRANTED.

3. The relief requested in Plaintiff's brief in opposition to the Social Security Administration's Decision (Doc. 21) is GRANTED, consistent with this order.

4. The Clerk is directed to enter judgment for Plaintiff with instructions that the Commissioner's decision is REVERSED under sentence four of 42 U.S.C. § 405(g) and the case is REMANDED for further administrative proceedings consistent with this order.

5. The Clerk is directed to close the case.

ORDERED, in Tampa, Florida on May 17, 2024.

_NATALIE HIRT ADAMS_
NATALIE HIRT ADAMS
United States Magistrate Judge